IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          No. CV 09-0278 WJ/KBM
                                                             CR 08-1029 WJ

ALEXANDER RIZO-SUAREZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 40) filed March 23, 2009.  *See* 28 U.S.C. § 2255 R.4.  Defendant pled guilty as charged in an information and was sentenced to 46 months' imprisonment.  Judgment was entered on August 28, 2008, and Defendant did not appeal his conviction or sentence.

Defendant's § 2255 motion asserts a number of claims.  One of Defendant's substantive claims is that the Court lacked subject matter jurisdiction of the criminal proceeding against him.  He alleges that, as a result of procedural irregularities, Congress did not enact Public Law 80-772, which is codified as 18 U.S.C. § 3231.  This statute, which was signed into law in 1948, confers subject matter jurisdiction of criminal proceedings on the federal district courts.  *See* § 3231.  As recently noted in another district court's analysis of an identical claim,

> Petitioner's first and fourth contentions claim the Court is without jurisdiction, because 18 U.S.C. § 3231 was never enacted into positive law, and is therefore unconstitutional and void.  This is one of the jailhouse lawyers' arguments du jour.  It has never been accepted, and will not be accepted here.  In short, the annotated version of the statute reflects an effective date of June 25, 1948; President Truman signed the bill into law that same day.  "[I]t is clear that 18 U.S.C. § 3231 gives the federal courts original and exclusive jurisdiction over federal crimes."  Petitioner's

argument concerning 18 U.S.C. § 3231 wholly fails to show his conviction is "void ab initio." This claim affords him no relief.

*United States v. Schultz*, Nos. 03-CR-08(02)(JMR/FLN), 06-CV-5020(JMR), 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007) (internal citations omitted). Furthermore, as noted by a district court in Pennsylvania considering the same claim, "Defendant has offered no legitimate case law to the contrary. Indeed, the Supreme Court's discussion and application of 18 U.S.C. § 3231 refute Defendant's [jurisdictional] assertions." *United States v. Risquet*, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006) (citing, *inter alia*, *Tafflin v. Levitt*, 493 U.S. 455, 471 (1990)). This Court had subject matter jurisdiction of this criminal proceeding, and Defendant is not entitled to relief on this claim. *See* § 2255 R.4(b). The Court will dismiss this claim.

IT IS THEREFORE ORDERED that Defendant's claim in Ground IV of his § 2255 motion is DISMISSED with prejudice;

IT IS FURTHER ORDERED that the Clerk shall forward to the United States Attorney a copy of Defendant's motion to vacate, set aside, or correct sentence and supporting papers and exhibits, if any, together with a copy of this Order;

IT IS FURTHER ORDERED that, within twenty-three days from entry of this Order, the United States answer the remaining claims in Defendant's motion to vacate, set aside, or correct sentence.

_____
UNITED STATES DISTRICT JUDGE