IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.                                        CIV 09-0278 WJ/KBM
                                              CR   08-1029 WJ

ALEXANDER RIZO-SUAREZ,

      Defendant-Movant.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Alexander Rizo-Suarez' motion

seeking habeas relief under 28 U.S.C. § 2255.[1]  One of his claims was previously

dismissed.  *See Doc. 4.*  These proposed findings recommend that the other three be

dismissed as well.  Because it is possible to resolve the issues on the pleadings, and

---

[1]  Unless otherwise noted, citations to *"Doc."* are the documents filed in this civil action. Although the federal form for initiating a § 2255 action is captioned "motion," as is the common practice both in this Court and the Tenth Circuit, I refer to the document as a "petition."  *See, e.g., United States v. Gaines,* 2008 WL 4925837 at * 1 (10th Cir. 11/18/08) ("seeks a certificate of appealability . . . to challenge the district court's denial of his 28 U.S.C. § 2255 petition"); *United States v. Hardridge,* 239 Fed. App'x 412 (10th Cir. 2007) ("his 28 U.S.C. § 2255 petition to vacate, modify, or set aside his sentence"), *cert. denied,* 128 S. Ct. 1263 (2008); *United States v. Jose Garcia-Cardenas,* CIV 08-0382 LH/KBM (*Doc.* 7 at 2) ("Defendant raises three claims in his § 2255 petition").

the record establishes conclusively that the movant is not entitled to relief, I find that an evidentiary hearing is not necessary.[2]

Defendant has a prior federal felony conviction for conspiracy to import heroin in violation of 21 U.S.C. § 952(a).  *See United States v. Alexander Rizo-Suarez,* CR 08-1029 WJ *(Doc. 1)*.  After completing his thirty-month sentence, Defendant was deported to Columbia.  He subsequently re-entered the United States illegally and was arrested in February 2008 on a criminal complaint charging a violation of 8 U.S.C. § 1326.

Subsection (a) of § 1326 prohibits illegal re-entry after deportation/removal and provides for a two-year maximum sentence of incarceration if the alien has no significant criminal history.  On the other hand, Subsection (b) provides for enhanced penalties in the event that the alien does have a criminal history.  For a person removed after commission of an aggravated felony, the penalty for re-entry is all the way up to a maximum of twenty years incarceration.  *See* § 1326(b)(2).

---

[2] *E.g., § 2255;* Rule 8(a), *Rules Governing Section 2255 Proceedings For The United States District Courts ; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); *Koskella v. United States,* 198 Fed. Appx. 780, 781(10th Cir. 2006) ("a prisoner is not entitled to a hearing if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'  28 U.S.C. § 2255."); *United States v. Weidner,* 206 Fed. Appx. 826, 828 (10th Cir. 2006) ("The district court need not conduct an evidentiary hearing, however, if 'the [§ 2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'  28 U.S.C. § 2255.").

While represented by retained attorney Ray Gutierrez, Defendant pleaded guilty to a one-count information charging him with illegal re-entry before Magistrate Judge Robert H. Scott.  *See United States v. Alexander Rizo-Suarez,* CR 08-1029 WJ *(Docs. 7-9, 13, 16-20).*  Pursuant to the practice in this District, the United States offered Defendant a "fast track plea" because the conspiracy conviction does not constitute a violent crime.  This option allows defendants to plead guilty to the illegal re-entry charge and waive any appeal, in exchange for reductions to their offense level under the Federal Sentencing Guidelines.  *See Doc. 5* at 3 n.2.

There is no dispute that Mr. Gutierrez failed to inform Defendant of the plea offer and that it expired.  So instead of calculating Defendant's sentence based on an offense level of 19 with a sentencing range of 46-57 months, Probation calculated Defendant's applicable guideline range as an offense level of 21 with a sentencing range of 57-71 months.  *See, e.g., id.* at 3.  As discussed below, Defendant was instead sentenced by Judge Johnson to 46 months of incarceration.

The three claims  remaining in Defendant's 2255 petition that challenge his sentence are couched in constitutional terms.  Therefore, as an initial matter, I find that the waiver of appeal rights, which neither applies to constitutional claims nor § 2255 relief, is implicated here.  *See United States v. Alezander Rizo-Suarez,* CR 08-

3

1029 *(Doc. 37)*.

The claim seeking relief for ineffective assistance of counsel asserts that Mr. Gutierrez told Defendant "that if he didn't plead guilty to everything that the D.A. [sic] accused him, the Judge would be very mad . . . and [that the defendant could] end up with 20 years sentence in the trial." *Doc. 1* at 5 (hereinafter *"2255 Petition"* with citations to the form page number). Defendant maintains that if he pleaded guilty, Mr. Gutierrez "promise[d] . . . that the Judge [would] give him NO MORE than 24 months, even if the P.S.R. said something different. [Mr. Gutierrez] could convince the Judge to give him much less time." *Id.*

I will assume for the purposes of argument that Mr. Gutierrez did make this promise because the assertion is plausible. As the United States points out, if an alien is deported for being in the United States illegally, without having a prior felony conviction or three defined-types of misdemeanor convictions, the statutory maximum sentence of imprisonment under 1326(a) is two years. *See Doc. 5* at 5. It is also undisputed that Mr. Gutierrez failed to advise his client of the fast track possibility and advised Magistrate Judge Robert H. Scott at the plea hearing that there was "no plea agreement."[3] Even so, a "standing alone, an attorney's

---

[3] I have listened to the plea hearing in its entirety in addition to reviewing the plea minute sheet. *See United States v. Alexander Rizo-Suarez,* CR 08-1029 WJ *(Doc. 19)*.

erroneous sentence estimate does not render a plea involuntary." *United States v. Silva,* 430 F.3d 1096, 1099 (10th Cir. 2005), *cert. denied,* 547 U.S. 1164 (2006).

Although the claim could be dismissed on that basis alone, there is a more compelling reason to do so. At the plea hearing before Judge Scott, Defendant never told Judge Scott that there were promises made in exchange for his plea. Instead, he told Judge Scott that was not coerced or forced to plea, no promises had been made to him, and he was pleading because he was guilty of illegally reentering the United States. In addition, the plea before Judge Scott would not become formally "accepted" until after District Judge William P. Johnson held his sentencing hearing.

Before that sentencing took place, Defendant hired Mario Esparza, another attorney, who moved to withdraw the plea because Mr. Gutierrez failed to inform Defendant about the fast track offer. *See United States v. Alexander Rizo-Suarez,* CR 08-1029 *(Docs. 24-27, 31-33).* The motion to withdraw was never briefed, ruled on or mentioned in later proceedings, but the reason why is obvious: the United States and Defendant came to a new agreement that allowed Defendant to receive the benefits of the fast track program if he waived his appeal rights. Defendant did indeed waive his right to appeal, Judge Johnson accordingly accepted a guilty plea, and sentencing was based on an offense level of 19, with Defendant receiving the

5

lowest end of the applicable range – 46 months.  *See id. (Docs. 36-38)*; *see also Doc. 5* at 3.

Therefore, in light of the efforts by his new attorney, Defendant cannot show any prejudice flowing from whatever deficient conduct the earlier attorney committed.  *See Strickland v. Washington,* 466 U.S. 668, 692 (1980) ("any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution"); *id.* at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Defendant's second claim raises a quasi-double jeopardy claim – that he was "sentence[d] three times for the same offense" because the Sentencing Guideline calculations take in to account his prior conviction for conspiracy, his prior illegal entry into the United States and his present illegal re-entry.  *2255 Petition* at 6.  This claim has no merit.  The Double Jeopardy Clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const., amend. V.  It prohibits multiple punishments for the same offense but not enhanced sentences based on prior offenses.  *E.g., Witte v. United States,* 515 U.S. 389, 395-97 (1995); *see also, e.g., United States v. Hill,* 248 Fed. App'x 57, 60 (10th Cir. 2007) ("[T]he Supreme Court has explicitly articulated that enhanced

punishment for recidivist conduct does not violate the Double Jeopardy.") (internal

quotations and citations omitted), *cert. denied,* 128 S. Ct. 1284 (2008).

Defendant finally asserts that his conspiracy charge does not qualify as an

"aggravated felony" for the purposes of 1326(b)(2) because conspiracy under 21

U.S.C. § 846 does not have "possession" as an element of the offense.  *2255 Petition*

*at 8.*  He is mistaken.

The Tenth Circuit "has looked to 8 U.S.C. § 1101, a definition section

within the same chapter as § 1326, to interpret the meaning of terms within 8

U.S.C. § 1326(b)(2) [including] 8 U.S.C. § 1101(a)(43) to define the term

"aggravated felony" found in § 1326(b)(2)."   *United States v. Saenz-Gomez,* 472

F.3d 791, 793-94 (10th Cir. 2007).  Section 1101(a)(43) expressly provides that the

term "aggravated felony" means "illicit trafficking in a controlled substance . . .

including a drug trafficking crime" and "an attempt or conspiracy to commit [such]

an offense."  8 U.S.C. § 1101(a)(43)(b) & (u); *see also Doc. 5* at 8 (and cases cited

therein).

For these and all of the other reasons mentioned by the United States, I find

the 2255 petition without merit.

Wherefore,

IT IS HEREBY RECOMMENDED that the § 2255 petition be dismissed with prejudice.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.


_____
UNITED STATES MAGISTRATE JUDGE

8